UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PAUL SCHATZ,<br><br>    Petitioner,<br><br>    v.<br><br>SHAWN HATTON,<br><br>    Respondent. | No. 2:16-cv-02911 JAM GGH<br><br>FINDINGS AND RECOMMENDATIONS |

**INTRODUCTION**

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss on the ground that petitioner is barred by the one-year state of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 8. Petitioner has filed an opposition arguing equitable tolling (ECF No. 13), which respondent has filed a reply (ECF No. 16). After carefully reviewing the filings, the court now issues the following findings and recommendations.

**DISCUSSION**

   I.   Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1) provides, in

1

pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

On June 14, 2011, petitioner was convicted in Butte County Superior Court for second degree murder (count one) and torture (count two). Resp't's Lodg. Doc. No. 1. He was sentenced to 15 years to life on count one and 7 years to life on count two. Id. Petitioner did not appeal. Instead, almost four years later he filed three state habeas petitions. His first petition was filed in the Butte County Superior Court on January 27, 2015, claiming ineffectiveness assistance of counsel. Resp't's Lodg. Doc. No. 2. This petition was denied on February 3, 2015. Resp't's' Lodg. Doc. No. 3. The second petition filed in the Third District Court of Appeal on February 19, 2015, was denied on March 5, 2015. Resp't's' Lodg. Doc. Nos. 4, 5. The third and final state court habeas petition filed in the California Supreme Court on May 3, 2015, was denied on September 9, 2015. Resp't's' Lodg. Doc. Nos. 6, 7. Notwithstanding these state habeas petitions, petitioner's conviction become final for purposes of AEDPA, sixty days after the date of conviction on August 15, 2011. See Cal. Rules of Court Rule 8.308(a). A federal court must look to state law to determine when the time for seeking direct review expires. See Butler v.

1  Cain, 533 F.3d 314, 317 (5th Cir. 2008); See Espinoza-Matthews v. California, 432 F.3d 1021,
2  1025 (9th Cir. 2005). Therefore, petitioner had until August 16, 2012, that is until one year after
3  finality of conviction, to file a timely federal petition, absent applicable tolling. Accordingly, this
4  instant action filed December 12, 2016 is barred as untimely unless petitioner is entitled to
5  statutory or equitable tolling.

6       1.   Statutory Tolling

7  Here, the pertinent commencement period for the statute of limitations begins on "the date
8  on which the judgment became final by the conclusion of direct review or the expiration of the
9  time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As mentioned, petitioner had until
10 August 16, 2012 to file a timely federal petition. Because petitioner filed his first state habeas
11 petition beyond AEDPA's one-year statute on January 27, 2015, approximately two years and
12 five months after the statute of limitations expired, petitioner is not entitled to statutory tolling. A
13 state court habeas post-conviction process commenced beyond the expiration of AEDPA's statute
14 of limitations does not toll or revive the limitations period under section 2244(d)(1). See
15 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482
16 (9th Cir. 2001). Accordingly, this petition is untimely unless petitioner can show equitable tolling
17 exists.

18       2.   Equitable Tolling

19 A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of
20 limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some
21 extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida,
22 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir.
23 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not
24 "maximum feasible diligence." See Holland v. Florida, 560 U.S. at 653, 130 S. Ct. at 2565. See
25 also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

26 As to the extraordinary circumstances required, the Ninth Circuit has held that the
27 circumstances alleged must make it impossible to file a petition on time, and that the
28 extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v.

3

1   Clark, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  This is a

2   very high threshold, "lest the exception swallow the rule."  See Miranda v. Castro, 292 F.3d 1063,

3   1066 (9th Cir. 2002).  In addition, '[w]hen external forces, rather than a petitioner's lack of

4   diligence, account for the failure to file a timely claim, equitable tolling may be appropriate."

5   Loft v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107

6   (9th Cir. 1999).  Determining whether equitable tolling is warranted is a "fact-specific inquiry."

7   Spitsyn, 345 F.3d at 799 (citing Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

8       In his opposition to the motion to dismiss, petitioner contends equitable tolling is present

9   based on the following four grounds: (1) ineffective assistance of counsel; (2) errors committed

10  during sentencing; (3) petitioner's mental impairment; and (4) petitioner's lack of knowledge in

11  the law.

12                  A.   Ineffective Assistance of Counsel

13      First, petitioner claims entitlement to equitable tolling on the basis of ineffective

14  assistance of counsel.  Petitioner argues his trial attorney's misconduct rose to a level of

15  "egregious" and "extraordinary."  ECF No. 13 at 1.  Petitioner vaguely alludes to having an

16  "extremely serious conflict of interest" with his trial attorney, but fails to provide specificities as

17  to the conflict.  ECF No. 13 at 2.  In a declaration attached to his opposition, petitioner only

18  asserts he was misled as to his right to appeal after his plea agreement was entered, the sixty day

19  deadline to appeal, and his post-conviction remedies.  ECF No. 13 at 8 (Declaration).  The Ninth

20  Circuit has held equitable tolling may be available where misconduct by the petitioner's attorney

21  is sufficiently egregious that it may constitute "extraordinary circumstances."  Porter v. Ollison,

22  620 F.3d 952, 959 (9th Cir. 2010); see also Spitsyn, 345 F.3d at 799 (holding that failure to

23  prepare and file petitioner's habeas despite petitioner repeatedly contacting the attorney about

24  filing the petition amounted to sufficiently egregious misconduct for tolling purposes).

25      First, petitioner was advised of his right to appeal after guilty plea when the trial judge

26  specifically told petitioner such after his sentencing.  See next section.

27      Moreover, petitioner does not sufficiently present any evidence of "egregious" or

28  "extraordinary" misconduct by his trial attorney warranting equitable tolling.  See Steiner v.

1  McGrath, 2007 WL 1241957, at *4 (N.D. Cal. 2007) (rejecting petitioner's argument of his
2  entitlement to equitable tolling based upon his trial attorney's failure to advise him of his right to
3  appeal after petitioner had entered into a plea agreement); see also Perez v. Hedgpeth, 2009 WL
4  17414, *5 (E.D. Cal. 2009) (trial counsel's failure to advise petitioner of his right to appeal and/or
5  his ability to seek collateral review did not constitute an extraordinary circumstances justifying
6  equitable tolling).  At best, assuming petitioner was not advised of his rights, his trial attorney's
7  conduct would rise to only mere negligence.  Mere "negligence" is not sufficient to qualify as an
8  extraordinary circumstance justifying equitable tolling.  See Majoy v. Roe, 296 F.3d 770, 776
9  (9th Cir. 2002) (Petitioner argued reliance on attorney for failing to file timely was insufficient to
10 trigger equitable tolling).  See also, Frye v. Hickman, 273 F.3d at 1146 (miscalculation of the
11 statute of limitations period by petitioner's counsel and his negligence in general do not constitute
12 as extraordinary circumstances sufficient to warrant equitable tolling).  Regardless of the
13 attorney's neglect, the petitioner must still act with reasonable diligence in seeking to file his
14 petition.  Porter v. Ollison, 620 F.3d at 959 (citing Spitsyn, 345 F.3d at 799).

15     Accordingly, petitioner's allegations against his trial attorney for failure to advise him of
16 his rights to appeal do not constitute an "extraordinary circumstance" justifying equitable tolling.
17 The undersigned recommends denying petitioner's equitable tolling on this ground.

18     B.  Errors at Sentencing

19     Secondly, petitioner contends he is entitled to equitable tolling based on the inadequacy of
20 his sentencing proceedings.  Specifically, petitioner argues he was never given nor advised by the
21 district attorney or the sentencing judge of his appeal rights and post-conviction remedies.  ECF
22 No. 13 at 3.  Petitioner argues because he was not informed of his rights, "no time counts for his
23 time to appeal."  Id.

24     In reviewing the petition, a transcript of the stipulated prison sentence proceedings clearly
25 demonstrates petitioner was informed of his right to appeal by the sentencing judge.

26
> [The Court:] Mr. Schatz, you have the right to appeal from this
> sentence.  If you wish to appeal, you must file a written Notice of
27
> Appeal with the clerk of this court within 60 days from today's
> date.
28

5

>If you do not appeal and are unable to hire a lawyer, the appellate court will appoint a lawyer to represent you on appeal free of charge. You also have a right to a free transcript and record of the necessary proceedings in this court.
>
>Written Notice of Appeal must be timely filed.

ECF No. 1 at 95-96.

Furthermore, under California Rules of Court, Rule 4.305, a court is to advise a defendant after sentencing of his or her right to appeal only if he or she was convicted after a trial. Here, petitioner did not have a trial. See also Anthony v. Perez, 2016 WL 1567021 *2 (C.D. Cal. Feb. 9, 2016) (citing In re Ibara, 34 Cal. 3d 277 fn.1 (1983)).[1] Accordingly, petitioner has failed to demonstrate an "extraordinary circumstance" or that he pursued his rights diligently by waiting almost four years to file his initial habeas petition on the pretext that he was not advised of his appeal rights at the sentencing proceedings. The undersigned recommends denying petitioner's equitable tolling on this ground.

### C. Mental Impairment

Thirdly, petitioner claims his mental impairments were so severe that he was incapable of timely filing his papers. ECF No. 13 at 1. Specifically, petitioner claims he suffered from "depression" and "emotional trauma" from being "wrongfully imprison[ed] for a crime" he did not commit. ECF No. 13 at 9 (Declaration). Petitioner fails to provide specific dates or findings supporting his mental status. On the contrary, respondent provides petitioner's health record from the Correction Training Facility where petitioner is currently detained. See ECF No. 16 (Exhibit A). These records demonstrate that petitioner is not a participant in the Mental Health Services and further fail to support petitioner's contention that his mental impairments affected his mental capacity during the relevant limitations period. Id.

Under limited circumstances, a petitioner's mental impairment may represent an extraordinary circumstance warranting equitable tolling for the period he was incompetent. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). The Ninth Circuit in Bills determined a two part

---

[1] In re Ibarra was viewed as abrogated on other grounds in People v. Mosby, 33 Cal 4th 353, 844-845 (2004).

6

test to evaluate whether equitable tolling applies in cases where petitioner suffers from a mental impairment.

In Bills, the Ninth Circuit stated, in pertinent part:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, see Holland, 130 S.Ct at 2562, by demonstrating the impairment was so severe that either
>
> > (a) Petitioner was unable to rationally or factually to personally understand the need to timely file, or
> >
> > (b) Petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. See id.

Bills, 628 F.3d at 1100.

Here, petitioner has not satisfied either prong of the Bills test. See Bills, 628 F.3d at 1101 (emphasizing petitioner's burden in demonstrating he was in fact mentally impaired). Petitioner fails to provide specificities as to his impairments and makes only conclusory and vague remarks. Accordingly, the undersigned recommends denying petitioner's equitable tolling due to petitioner's alleged mental impairment.

### D. Layperson

Lastly, petitioner claims he should be entitled to equitable tolling because he is not an "experienced jail inmate" and instead a "layman of the law." ECF No. 13 at 3. Petitioner contends that because he has "never in his life had any run ins with the law," he should not be "expected to understand the unexplained procedures of law." ECF No. 13 at 3. This claim must necessarily fail. A petitioner's lack of knowledge of federal law does not provide a basis for equitable tolling. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1112-13 (9th Cir. 2009). Furthermore, a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Therefore, ignorance of the law is not an extraordinary circumstance entitling petitioner to

equitable tolling. The undersigned recommends denying petitioner's equitable tolling on this ground.

### 3. Actual Innocence Exception

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar…[or] expiration of the statute of limitations." McQuiggin v. Perkins, __U.S.__, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1918); see House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1)). "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). The actual innocence exception applies to a "narrow class of cases implicating a fundamental miscarriage of justice." Lee v. Lambert, 653 F.3d 929, 938 (9th Cir. 2011 (en banc)).

Petitioner attacks his second degree murder conviction on the basis that he is factually innocent. ECF No. 13 at 2. Nevertheless, petitioner forfeited his claims to challenge the factual basis for his conviction when he pled guilty. "A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). However, petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" fell below "the range of competence demanded of attorneys in criminal cases." Tollett, 411 U.S. at 267 (see also McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)); Mahrt v. Beard, 849 F.3d 1164, 1170 (9th Cir. 2017). Therefore, Tollett does not apply where a plea was involuntary or was induced by the ineffective assistance of counsel. Mitchell v. Superior Court for County of Santa Clara, 632 F.2d 767, 770 (9thCir. 1980), cert. denied, 451 U.S. 940 (1981).

1    Petitioner here asserts his plea was made "under duress" and that he was "coerced into his
2    plea deal." ECF No. 13 at 2, 7.  Yet, the only supporting facts petitioner articulates in relation to
3    the voluntariness of his plea is that he is "wrongfully imprison[ed] for a crime [he] did not
4    commit, in the capacity [he] was forced to plea to" because "[he] did not aim to kill [his] child,
5    and no evidence supports the fact, beyond questionable circumstantial evidence; where it is
6    outweighed by the more direct evidence that it was an accident, as an act of bad parenting and
7    mistake; and amounts to no more than, second degree manslaughter." ECF No. 13 at 9
8    (Declaration).  Petitioner fails to offer any evidence that petitioner's plea was involuntary or was
9    the result of ineffective assistance of counsel, and instead superficially argues he should have
10   been convicted of second degree manslaughter.  See Gerolaga v. Kramer, 2009 WL 3627940, at
11   *6 (E.D. Cal. Oct. 29, 2009) (ruling that petitioner had failed to raise a "cognizable claim within
12   the meaning of the 'actual innocence' exception under Schlup" where it appeared petitioner was
13   "claiming legal innocence or innocence as a result of prosecutorial misconduct or ineffective
14   assistance of counsel" by claiming that he was guilty of committing a lesser offense against the
15   victim than from what he was charged with); Clark v. Martel, 2009 WL 3489410, at *5 (E.D. Cal.
16   Oct. 26, 2009) (ruling that petitioner had failed to raise a colorable actual innocence claim where
17   he appeared to argue he was actually innocent of first degree murder, but conceded he was guilty
18   of second degree murder.), affirmed, 451 Fed. Appx. 695 (9th Cir. 2011); Burleson v. Cal. Dep't
19   of Corr. & Rehab., 2009 WL 2941516, at *4-5 (N.D. Cal. Sept. 10, 2009) (Petitioner's claim that
20   he should have been convicted of voluntary manslaughter instead of murder was a legal
21   innocence claim and not a proper actual innocence claim under Schlup).

22   It is clear that this case does not fall into the narrow class of cases implicating a
23   fundamental miscarriage of justice.  Furthermore, an evidentiary hearing is not necessary as
24   allegations stated indicate that such a hearing would be futile.  See Lambert, 653 F.3d at 936-37
25   (exacting standard for actual innocence evidentiary hearings).  Therefore, the actual innocence
26   exception to the AEDPA one-year statute of limitations does not apply here.  For this reason, the
27   undersigned recommends denying equitable tolling based on the actual innocence exception.
28   Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating

9

the existence of grounds for equitable tolling. See Pace v. DiGuglielmo, 544 U.S. at 418 (petitioner bears the burden of demonstrating grounds for equitable tolling). For reasons stated above, the undersigned recommends denying petitioner's claim that he is entitled to equitable tolling and granting respondent's motion to dismiss on the ground that the petition is untimely.

**CONCLUSION**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 8) be granted;
2. The petition be dismissed with prejudice; and
3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections should be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 24, 2017

                          /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE